# CIVIL COVER SHEET

℞ JS 44 (Rev. 12/07) (CAND Rev 1/10)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Joe Wang

3795 JSC

## DEFENDANTS
Kudsk Construction, Inc., First Sealord Surety, Inc.,

**(b)** County of Residence of First Listed Plaintiff San Mateo
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Alameda
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Frederick J. Northrop
Last & Faoro
520 S. El Camino Real, Suite 430
San Mateo, CA 94044

Attorneys (If Known)

RECEIVED
AUG – 1 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☒ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
40 USC 270a-270d
Brief description of cause:
Claim on bond issued pursuant to Miller Act for federal cosntruction project

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE ☐ EUREKA

DATE 7-29-11

SIGNATURE OF ATTORNEY OF RECORD

1   WILLIAM C. LAST, JR. (083588)
    FREDERICK J. NORTHROP (142614)
2   LAST & FAORO
    520 South El Camino Real, Suite 430
3   San Mateo, California 94402
    Telephone:  (650) 696-8350
4   Facsimile:   (650) 696-8365

5   Attorneys for:  Joe Wang

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                              C V  11  3795

11  UNITED STATES OF AMERICA ex rel         NO. _____
        JOE WANG,
12
        Plaintiff,                          **COMPLAINT ON PUBLIC WORKS
13                                          BOND, FOR BREACH OF
        vs.                                 CONTRACT, ACCOUNT STATED,
14                                          AND UNJUST ENRICHMENT**
    KUDSK CONSTRUCTION, INC., and
15
    FIRST SEALORD SURETY, INC.              JURY DEMANDED
16
        Defendants
17
            Plaintiff alleges:
18
                              **JURISDICTION**
19
            1.  This Court has subject matter jurisdiction to adjudicate the claim of Use Plaintiff for
20
    payment on a Miller Act bond pursuant to 40 U.S.C. '§§ 270a-270d.  This Court has
21
    supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a) because
22
    the remaining claims are so related to the claim for payment on the Miller Act bond that they
23
    form part of the same case or controversy.
24

25

26

27

28
    **COMPLAINT FOR DAMAGES**
                                    -1-

1

**GENERAL ALLEGATIONS**

2        2.  Plaintiff, Joe Wang, (hereinafter "Plaintiff") is, and at all times herein mentioned

3    was, an individual doing business as Joe Wang Carpet and Flooring with his principal place of

4    business in the County of San Mateo.

5        3.  Plaintiff is, and at all times herein mentioned was, duly licensed by the Contractors

6    State License Board of the State of California to conduct business in the State of California and

7    to engage in the work hereinafter described.

8        4.  Plaintiff is informed and believes and thereon alleges that Defendant Sealord Surety,

9    Inc. is, and at all times herein mentioned was, a corporation duly organized and existing under

10   and by virtue of the laws of the State of Pennsylvania with its principal place of business in the

11   State of Pennsylvania, and at all times herein mentioned, was authorized to transact business as

12   a surety upon bonds or undertakings in the State of California.

13       5.  Plaintiff is informed and believes and thereon alleges that Defendant Kudsk

14   Construction, Inc. is, and at all times herein mentioned was, a California corporation, duly

15   organized and authorized to do business under and by virtue of the laws of the State of

16   California, and at all times herein mentioned, was doing business in the City of Berkeley,

17   County of Alameda, State of California, as a general contractor.

18       6.  Plaintiff is informed and believes that on or about September 11, 2009, Defendant

19   Kudsk Construction, Inc. was awarded a contract (the "Prime Contract") by the United States

20   of America, through the United States Army more particularly identified and known as

21   Contract No. W9124N-09-C-0040 Renovation of Six Barracks Bldgs 361, 362, 363, 364, 393,

22   and 394, Camp Parks, California. Thereafter Kudsk Construction, Inc. and the United States

23   Army entered into that contract.

24       7.  Thereafter and on or about March 29, 2010, Plaintiff and Defendant Kudsk

25   Construction, Inc. entered into a subcontract (the "Subcontract") by which Plaintiff agreed to

26   perform a specified portion of the Prime Contract consisting of the installation finish flooring in

27

28

**COMPLAINT FOR DAMAGES**

-2-

1  exchange for payment of $215,000.00 subject to changes for additional, changed, or deleted

2  work. A true copy of the Subcontract is attached hereto as Exhibit 1.

3  8.  Thereafter defendant Kudsk Construction, Inc. directed plaintiff to provide stair

4  treads and risers for the stair and vinyl cove base to be paid for at actual cost plus ten percent

5  equaling $12,966.00 and $15,180.00 respectively for a total of $28,146, which is the reasonable

6  value, and raising the total contract price to $243,146.00. Kudsk Construction, Inc. failed to

7  return a signed copy of the change order for these additional materials, but received it and did

8  not reject it and Plaintiff contends that the change became a part of the Subcontract or, in the

9  alternative, that Kudsk Construction, Inc. is liable to pay for them under an implied agreement.

10  9.  Kudsk Construction or other subcontractors were responsible for demolition of the

11  existing flooring and installation of underlayment. They did a poor job of preparation using

12  either the existing underlayment or installing particleboard underlayment. When plaintiff

13  objected, Kudsk Construction informed plaintiff that the materials had been approved by the

14  owner and instructed plaintiff to make repairs as necessary to smooth the surfaces only.

15  10. The poor conditions also required additional labor and materials to repair and level

16  floors in one of the barracks buildings. Defendant Kudsk Construction, Inc. directed plaintiff to

17  perform this work on a "time and materials" basis, promising to pay the actual cost plus ten

18  percent for general overhead and profit. Plaintiff is informed and believes that said additional

19  work equals $10,686.50, which is the reasonable value.  Plaintiff duly submitted its daily

20  reports for time and materials, but Kudsk Construction breached the contract by refusing to

21  approve them in any amount.

22  11. Plaintiff entered into the work and substantially performed all things and satisfied

23  all conditions required of Plaintiff except those obligations and conditions excused by the

24  breach of Kudsk Construction, Inc.

25  12. On or about September 1, 2010, Kudsk Construction, Inc. issued a notice ostensibly

26  pursuant to section "H" of the Subcontract asserting that plaintiff had not paid his workers the

27  prevailing wages and fringe benefits as required by the Subcontract and having failed to report

28

**COMPLAINT FOR DAMAGES**

-3-

1   one worker during a week in July. Kudsk Construction demanded a corrected certified payroll

2   report and either evidence of payment or evidence that the wage shortage had been corrected.

3       13. The claims stated in the notice were only partially accurate. Plaintiff substantially

4   complied with the notice and provided a revised certified payroll report together with copies of

5   checks showing payment to the workers.

6       14. On September 9, 2010, defendant Kudsk Construction, Inc., despite having been

7   provided corrections and proof of accuracy, wrongfully asserted that it was terminating the

8   Subcontract as provided for in the Subcontract because of the asserted defaults.

9       15. At the time of the illegal termination, plaintiff had completed a portion of the

10   contract and issued accurate invoices totaling $99,833.34 representing labor and materials that

11   had been provided.

12       16. Defendant Kudsk Construction, Inc. has paid Plaintiff $48,798.34 and no more

13   leaving a balance due of $51,035.00 as to the goods and labor rendered.

14       17. Plaintiff is informed and believes that he would have earned $53,284.00 in profit on

15   the remaining work had Kudsk Construction, Inc. not breached the Subcontract.

16   <center>**FIRST CAUSE OF ACTION**</center>

17   <center>**BREACH OF CONTRACT**</center>

18   <center>**AGAINST KUDSK CONSTRUCTION, INC.**</center>

19       18. Plaintiff incorporates in this cause of action the allegations of paragraphs one

20   through 17 of these allegations.

21       19. Plaintiff is informed and believes and alleges that within the past year and thereafter

22   Defendant Kudsk Construction breached the Subcontract by failing to pay Plaintiff for labor

23   and materials actually used in performance of the contract.  Plaintiff has demanded payment,

24   but Defendant Kudsk Construction, Inc. has paid Plaintiff only $48,798.34 to date.  Plaintiff is

25   informed and believes and alleges that there is now due, owing and unpaid to Plaintiff

26   $99,833.34 after deducting all just credits and offsets, together with interest thereon.

27

28   **COMPLAINT FOR DAMAGES**

<center>-4-</center>

1    20. Plaintiff has substantially performed all obligations under the contract and satisfied

2  all conditions required of him except those he was prevented or excused from performing by

3  the actions of Kudsk Construction.

4    21. Plaintiff is informed and believes and alleges that the breaches of the contract by

5  Kudsk Construction have legally and proximately caused Plaintiff damages in an amount of

6  $99,833.30, after deducting all just credits and offsets, together with interest thereon.

7    22. Plaintiff is informed and believes and thereon alleges that defendant Kudsk

8  Construction, Inc. has received progress payments from the U.S. Army including amounts paid

9  on account of the work, labor, services, equipment, and materials rendered by Plaintiff on the

10  Project, but for which Kudsk Construction, Inc. has not paid Plaintiff despite the fact that more

11  than seven days have passed since Kudsk Construction, Inc. received said funds. Plaintiff does

12  not presently know the exact dates of receipt and amounts received.

13    23. By virtue of subdivision (b) of section 3905 of Title 40 of the United States Code,

14  the Subcontract contains or is deemed to contain a provision that if defendant Kudsk

15  Construction, Inc. fails to pay a subcontractor for property or services within seven days after

16  receipt of payment from the government agency, defendant Kudsk Construction, Inc. must pay

17  a penalty on said amounts in the form of interest calculated at the rate specified by section

18  3902(a) of Title 40 of the United States Code.

19    24. Plaintiff has attempted to informally resolve the dispute with defendant Kudsk

20  Construction, Inc., but has been unsuccessful.

21    25. The subcontract provides for the payment of attorneys' fees to the prevailing party in

22  various disputes arising out of the contract.  These provisions, by virtue of section 1717 of the

23  California Civil Code are reciprocal and extend to all breaches of the Subcontract.

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

1

2

3

**SECOND CAUSE OF ACTION**

**QUANTUM MERUIT**

**AGAINST KUDSK CONSTRUCTION, INC.**

4      26. Plaintiff incorporates in this cause of action the allegations of paragraphs one

5   through 25 of these allegations.

6      27. Within two years prior to the filing of this complaint, Plaintiff rendered labor and

7   materials to the job site at the U.S. Army Barracks in Camp Parks, California, at the special

8   request of Defendant Kudsk Construction, Inc., for which Defendant Kudsk Construction, Inc.

9   promised to pay Plaintiff the reasonable value of labor and materials.

10      28. Plaintiff is informed and believes and alleges that the reasonable value of the labor

11   and materials Plaintiff supplied was, and is, an amount in excess of $99,833.34.  Of that

12   amount, Defendant Kudsk Construction, Inc. has paid Plaintiff only $$48,798.34,

13   notwithstanding Plaintiff's demand for full payment.  There is now due, owing and unpaid to

14   Plaintiff an amount in excess of $51,035.00, after deducting all just credits and offsets, together

15   with interest thereon.  Plaintiff will seek leave to amend this complaint when the exact amount

16   is ascertained.

17

18

19

**THIRD CAUSE OF ACTION**

**ON PAYMENT BOND**

**AGAINST KUDSK CONSTRUCTION AND FIRST SEALORD SURETY**

20      29. Plaintiff realleges and incorporates by reference all of the allegations contained in

21   Paragraphs 1 through 28 of these allegations, as though fully set forth herein.

22      30. Plaintiff is informed and believes that on or about September 11, 2009, Defendant

23   Kudsk Construction, Inc., as principal, and Defendant Sealord Insurance, Inc., as surety,

24   executed and delivered Payment Bond No. 09-08773PP to the United States Army

25   guaranteeing they would promptly pay all persons supplying labor and materials in the

26   prosecution of the work provided for in Contract No. W9124N-09-C-0040 and any and all duly

27

28

**COMPLAINT FOR DAMAGES**

-6-

1  authorized modifications thereof.  Payment Bond No. 09-08773PP was executed and delivered

2  in accordance with the provisions of 40 U.S.C. § 3131.

3          31. During the course of the performance and prosecution of said public work, and

4  under and by virtue of the Subcontract, Plaintiff sold, delivered and furnished labor, materials,

5  and services for the performance of Contract No. W9124N-09-C-0040 to Defendant Kudsk

6  Construction, Inc. at its special instance and request.

7          32. Plaintiff is informed and believes that the last day of work was not less than 90 days

8  and not more than one year of this date.

9          33. Plaintiff is informed and believes and alleges that the labor and materials furnished

10  by Plaintiff in the prosecution of the work were and are reasonably worth an amount in excess

11  of $99,833.34.  Of that amount, Defendant Kudsk Construction, Inc. has paid Plaintiff

12  $48,798.34.  Plaintiff is informed and believes and alleges that there is now due, owing and

13  unpaid to Plaintiff and amount in excess of $51,035.00, after deducting all just credits and

14  offsets, together with interest thereon.

15  WHEREFORE, Plaintiff prays for damages as hereinafter set forth.

16                                          **PRAYER**

17          WHEREFORE, plaintiff demands judgment from defendants for:

18     1.   On the First Cause of Action

19          a.   For general and special damages in the amount of $99,833.30 or according to

20               proof plus prejudgment interest thereon from the dates the sums became due to

21               the date of judgment at the legal rate;

22          b.   For penalty interest according to proof;

23     2.   On the Second and Third Causes of Action

24          a.   For general and special damages in the amount of $51,035.00 or according to

25               proof plus prejudgment interest thereon from the dates the sums became due to

26               the date of judgment at the legal rate;

27          b.   For penalty interest according to proof;

28

**COMPLAINT FOR DAMAGES**

3.  On all causes of action

    a.  For costs of suit, including attorney's fees; and

    b.  For such other and further relief as this court may deem proper

Dated: July 29, 2011                 LAST & FAORO

                                       Frederick J. Northrop
                                       Attorneys for Plaintiff, Joe Wang

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated July 29, 2011                 LAST & FAORO

                                       Frederick J. Northrop
                                       Attorneys for Plaintiff, Joe Wang

**COMPLAINT FOR DAMAGES**

EXHIBIT 1

| KUDSK CONSTRUCTION, INC | SUBCONTRACT # RSIX-05 |
| --- | --- |
| 928 CARLETON ST | |
| BERKELEY, CA 94710 | |
| 510 540 8127    510 540 8154 FAX | |

## SUBCONTRACT AGREEMENT

**OWNER**
Army Reserve Contracting Center – West
Building 4385 Suite 2041
400 Gigling Rd
Seaside, CA 93955-6771

**CONTRACTOR**
Kudsk Construction Inc
928 Carleton St
Berkeley, CA 94710

**SUBCONTRACTOR**
JOE WANG CARPET AND FLOORING
116 - A STARLITE STREET
SOUTH SAN FRANCISCO, CA 94080

THIS AGREEMENT is made, by and between KUDSK CONSTRUCTION, INC, hereinafter called
"Contractor" and JOE WANG CARPET AND FLOORING, hereinafter called "Subcontractor"

## RECITALS

WHEREAS, Contractor has entered into a contract with ARMY RESERVE CONTRACTING CENTER -
WEST, hereinafter called "Owner" for the Contract No W9124N-09-C-0040 RENOVATION OF SIX
BARRACKS BLDGS 361, 362, 363, 364, 393, AND 394, hereinafter called the "Project". This contract,
including plans and specifications, together with any addenda, supplements, amendments, changes or
additions thereto are hereinafter called the "Contract Documents".

## AGREEMENT

NOW, THEREFORE, Contractor and Subcontractor agree as follows:

### SECTION 1 -CONTRACT DOCUMENTS, ETC
SUBCONTRACTOR represents hereby and warrants to Contractor that Subcontractor is a contractor duly
and regularly licensed by the State of California to do the work described herein below, and will perform all
work described below in accordance with the Prime Contract Documents including Addenda 1 thru 5, of
which are incorporated in this Agreement by this reference.

### SECTION 2; DESCRIPTION OF WORK
According to Joe Wang Carpet bid Proposal date February 2, 2010
INSTALL FLOORING ONLY. Subcontractor agrees to furnish all labor, qualified supervision, services,
installations, cartage, hoisting, supplies, insurance, equipment, scaffolding, tools, and other facilities of every
kind and description required for the complete, prompt, efficient performance of all work hereinafter specified
as provided for in the aforementioned Prime Contract documents.

Furnish and install work complete and in accordance with the Contract Documents, Plans, and Specification,
and as required by any applicable codes. Scope of Work includes, but is not limited to the following:

ACKNOWLEDGED BY:   Subcontractor: _____ and Contractor: _____

| KUDSK CONSTRUCTION, INC | SUBCONTRACT # RSIX-05 |
|---|---|
| 928 CARLETON ST | |
| BERKELEY, CA 94710 | |
| 510 540 8127     510 540 8154 FAX | |

**MATERIALS PROVIDED BY GENERAL CONTRACTOR: VINYL FLOORING; WELDING ROD; ADHESIVE; BASEBOARD; RUBBER BASEBOARD METAL TRANSISTIONS, NOSINGS, AND EDGES**

**Conditions:    Vinyl flooring with Metal nosings at stairs; Coved base at bathrooms only**

### SECTION 3- CONTRACT PRICE

Contractor shall pay Subcontractor for the strict performance of his work and the true, full and faithful performance and observance by Subcontractor of all his covenants, duties and conditions hereunder, not greater than the sum of **TWO HUNDRED FIFTEEN THOUSAND DOLLARS ($215,000.00)** (sometimes hereinafter referred to as the "Contract Price"), subject to adjustments for changes provided in Article E of the Section B, Subcontract Terms and Conditions. All payments to subcontractor shall be in US Dollars.

### SECTION 4- METHOD OF PAYMENT

The Contract Price, subject to any additions and/or deductions as provided in said Article E, shall be payable in monthly installments as follows: No later than the 22nd day of each month, or other day as requested by Contractor, Subcontractor shall submit to Contractor a written Application for Payment in duplicate, and in form satisfactory to Contractor showing in detail and as completely as possible the value of the work (inclusive of materials delivered and incorporated in the work) performed and completed by Subcontractor during the period preceding the rendition of the Application for Payment from the time of the previous Application, Payment shall not be made on account of materials delivered to the site but not incorporated in the work unless agreed in writing by Contractor, and even in such case the payments for such material shall be conditional upon submission by Subcontractor of bills of sale or such other procedure as will establish Contractor's or Owner's title to such material and otherwise adequately protect the interests of Contractor. The application shall be accompanied by a partial or full release and/or waiver of lien for all labor and materials covered in accordance with California Civil Code Section 3262 pertaining to such labor and materials and such payroll affidavits, receipts, vouchers, releases, and other assurances regarding payment for such labor and materials as shall be required by Contractor. If Subcontractor shall submit such Application for Payment as provided herein and otherwise comply with the provisions of this Section 4 and shall not be in default under this Agreement, Contractor shall pay to the Subcontractor the amount of application less 10% retention within ten (10) working days after receipt by Contractor of payment from Owner, but not less than thirty-five days after the entire work required by the prime contract has been fully completed in conformity with the Contract Documents and has been delivered and accepted by Owner, Architect, and Contractor. Subject to the provisions of the preceding sentence, the retained percentage shall be paid Subcontractor promptly after Contractor receives his final payment from Owner. Contractor reserves and shall have the right to make payment by joint check or by direct check to Subcontractor's material suppliers or sub-subcontractors or any person who has a right of action against Contractor or Contractor's surety under any law.

### SECTION 5- GENERAL SUBCONTRACT PROVISIONS

The terms and conditions set forth on Section "B", pages 4 through 8, are an integral part of this Agreement. Subcontractor shall, at his expense, procure and maintain insurance on all of his operations acceptable to Contractor. Kudsk Construction, Inc., the Owner, and others as required by Contract Documents, shall be named ADDITIONAL INSUREDS under the policy.

### SECTION 6- SPECIAL PROVISIONS

Work is to be coordinated with project schedule.

Subcontractor shall comply with the requirement of Title 8, California Code of Regulations Section 5194 the Hazard Communication Standard and Proposition 65 Safe Drinking and Toxic Enforcement Act of 1986 and

ACKNOWLEDGED BY:    Subcontractor _____ and Contractor: _____

JWC000008

**KUDSK CONSTRUCTION, INC**                     **SUBCONTRACT # RSIX-05**
**928 CARLETON ST**
**BERKELEY, CA 94710**
**510 540 8127    510 540 8154 FAX**

all other applicable Federal, State and Local requirements governing hazardous, toxic or cancer causing materials. Subcontractor shall post all required warnings and notices. Subcontractor shall provide Contractor with Material Safety Data Sheets prior to bringing a hazardous material onto the jobsite.

Provide Weekly Certified Payroll reports coded as required for all labor performed on the jobsite not later than seven (7) days after end of week.

Subcontractor certifies that it will comply with California Labor Code Sections 1720 et seq. requiring the payment of prevailing wage rates and compliance with apprenticeship regulations on the project. Subcontractor expressly acknowledges Contractor's right to withhold progress payments in the event of Subcontractor's Non-compliance with apprenticeship regulations and statutory prevailing wage requirements, including but not limited to the weekly preparation and submittal of certified payroll records as required by Contractor and California Labor Code Section 1776.

## SECTION 7- INTEGRATED AGREEMENT
This subcontract contains the complete agreement between the parties with respect to all subcontract work, and nullifies and supersedes all prior negotiations, proposals, stipulations, and agreements whether written or oral. Further, there are no prior or contemporaneous agreements in any way dealing with the subcontract work not included herein. If any provisions of this subcontract agreement are in conflict with the Contract Documents the more stringent shall apply. No agent, representative, employee, officer or director of either party, has or had authority, to make any statement, representation, promise or agreement with respect to the subcontract work set forth in this Agreement. Each party agrees that it was not induced to enter into this Agreement by any such statement, representation, promise or agreement and that the other party is not bound or in any way liable because of any such statement, representation promise or agreement.

IN WITNESS WHEREOF: The parties hereto have executed this Agreement for themselves, their heirs, executors, successors, administrators, and assignees of the day and year first above written.

**AUTHORIZED SIGNATURES**

SUBCONTRACTOR                          CONTRACTOR

X                                       X
Name: Joe Lu- S                         Larry Kudsk
Title: Owner                            President
Date: 3/18/10                           Date: 3/19/10
Corp.(seal)/Partnership/Sole Prop.

CONTRACTORS ARE REQUIRED BY LAW TO BE LICENSED AND REGULATED BY THE CONTRACTORS' STATE LICENSE BOARD. ANY QUESTIONS CONCERNING A CONTRACTOR MAY BE REFERRED TO THE REGISTER OF THE BOARD WHOSE ADDRESS IS:       CONTRACTORS STATE LICENSE BOARD
                    9835 GOETHE ROAD
                    SACRAMENTO. CALIFORNIA 95827

ACKNOWLEDGED BY:   Subcontractor: _____.and Contractor: _____          3 of 8
                                                                          **JWC000009**

| KUDSK CONSTRUCTION, INC | SUBCONTRACT # RSIX-05 |
|---|---|
| 928 CARLETON ST | |
| BERKELEY, CA 94710 | |
| 510 540 8127   510 540 8154 FAX | |

## SECTION "B" SUBCONTRACT TERMS AND CONDITIONS

A.  INSURANCE - Subcontractor shall, at its own expense, maintain in effect at all times during the performance of the work under the contract not less than the following coverage and limits of insurance, which shall be maintained with insurers and under forms of policies satisfactory to the Contractor and Owner:

    1. Workers' Compensation: State Worker's Compensation -coverage as required by law.

    2. Employer's Liability: $1,000,000 per occurrence.

    3. Comprehensive Bodily Injury & Property Damage Liability -Automobile; $1,000,000 per occurrence.

    4. Comprehensive Bodily Injury & Property Damage Liability -Except Automobile: $1,000,000 per occurrence; $2,000,000 General Aggregate; $2,000,000 Product/Completed Operations.

    5. Umbrella Liability Policy: $1,000,000 per occurrence.

    6. All Subcontractors policies shall contain an endorsement providing that written notice shall be given to the Contractor and Owner at least thirty (30) days prior to termination, cancellation or reduction of coverage in the policy, or will endeavor to provide notice and any disclaimer to send such notice shall be deleted (x-ed out).

    7. The Bodily Injury and Property Damage Liability policies shall contain the following:

    a. Provision or endorsement naming the Contractor, General Contractor, and Owner as an additional insured as respects liabilities arising out of Subcontractor's performance of the work under this contract, and providing that such insurance is primary insurance as respects the interests of the Contractor, General Contractor and Owner and that any other insurance maintained by the Contractor, General Contractor and Owner is excess and not contributing insurance with the insurance required hereunder.

    b. Additional insured endorsement shall include completed operations coverage and shall be on form CG 2010 1185 (1985 version) or equivalent. The completed operations coverage shall be for the applicable statutory period of filing actions.

    8. Subcontractor shall furnish a satisfactory Insurance Certificate to Contractor attesting to the existence of the insurance required above, which shall be furnished prior to Subcontractor's starting any work or entering onto the jobsite. The Form of Certificate shall be as required. The Certificate shall be signed and dated by an authorized representative of the insurance carrier(s). Certified copies of all policies shall be provided upon request by the Contractor.

B.  INDEMNITY -All work covered by this Agreement done at the site of construction or in preparing or delivering materials to the site shall be at the risk of Subcontractor alone. Subcontractor agrees to save, indemnify and keep harmless Contractor against any and all liability, claims, judgments, or demands, including the obligations of Contractor on account of any similar agreement Contractor has with Owner, including demands arising from injuries or death of persons (Subcontractor's employees included) and damages to property, arising directly or indirectly out of the obligations herein undertaken or out of the operations conducted by Subcontractor, save and except claims or litigation arising through the sole negligence or sole willful misconduct of Contractor, and will make good to and reimburse Contractor for any expenditures, including reasonable attorneys' fees. Contractor may make by reason of such matters and, if required by Contractor, will defend any such suits at the sole cost and expense of Subcontractor.

C.  BONDING OF SUBCONTRACTOR -Concurrently with the execution of this Agreement, or at anytime during its performance, Subcontractor shall, if required by Contractor, within ten (10) days of request therefore, furnish Contractor with a Labor and Material Bond and Faithful Performance Bond. Said bonds shall be executed by a corporate surety acceptable to Contractor and shall be in a form satisfactory to Contractor. Contractor shall pay the premium on said bonds unless otherwise provided herein or in the Contract Documents.

D.  TIME -Time is the essence of this Agreement. It shall be Subcontractor's obligation to conform to Contractor's progress schedule subject to Contractor's modification, which is incorporated herein by this reference and made a part hereof. Subcontractor shall prepare and obtain approval as required by the contract Documents for all shop drawings, details, samples and do all other things necessary and incidental to the prosecution of its work in conformance with the said progress schedule. He shall coordinate the work covered by this Agreement with that of all other contractors, subcontractors, and of the Contractor in a manner that will facilitate the efficient completion of the entire work. Contractor shall have complete control of the premises on which the work is to be performed and shall have the right to decide the time or order in which the various portions of the work shall be installed or the priority of the work of other subcontractors and, in general, all matters representing the timely and orderly conduct of the work of Subcontractor on the premises. Should Subcontractor be delayed in the prosecution or completion of the work by the act, neglect or default of Owner, of Architect, or of Contractor, or should Subcontractor be delayed waiting for materials, if required by this Contract to be furnished by Owner or Contractor, or by damage caused by fire or other casualty for which Subcontractor is not responsible, or by the combined action of the workmen, in no way caused by, or resulting from default or collusion on the part of Subcontractor, or in the event of a lockout by

ACKNOWLEDGED BY:   Subcontractor: _____ and Contractor: _____

JWC000010

| KUDSK CONSTRUCTION, ...C | SUBCo.../RACT # RSIX-05 |
|---|---|
| 928 CARLETON ST | |
| BERKELEY, CA 94710 | |
| 510 540 8127    510 540 8154 FAX | |

Contractor, then the time herein fixed for the completion of the work shall be extended the number of days that Subcontractor has thus been delayed, but no allowance or extension shall be made unless a claim therefore is presented in writing to the Contractor within twenty four (24) hours of the commencement of such delay, and under no circumstances shall the time of completion be extended to a date which will prevent Contractor from completing the entire project within the time that Owner allows Contractor for such completion. No claims for additional compensation or damages for delays, whether in the furnishing of material by Contractor, or delays by other Subcontractors or Owner, will be allowed by the Contractor, and said extension of time for the completion shall be the sole remedy of subcontractor provided, however, that in the event, and in such event only, the Contractor obtains additional compensation from Owner on account of such details, Subcontractor shall be entitled to such portion of the additional compensation so received by Contractor from Owner as is equitable under all of the circumstances.

E. CHANGES IN WORK -Subcontractor hereby agrees to make any and all changes, furnish the materials and perform the work Contractor may require, without nullifying this Agreement, at a reasonable addition to, or reduction from, the Contract Price stated herein, and pro rata to the same. Subcontractor shall adhere to the plans and specifications unless a change there from is authorized in writing. Under no conditions shall Subcontractor make any changes, either as additions or deductions without the written order of the Contractor and Contractor shall not pay any extra charges made by the Subcontractor that have not been agreed upon in writing by Contractor and, in no event, shall Contractor make payment for any such extra charges unless and until the Contractor itself receives payment from Owner. Subcontractor shall submit immediately to the Contractor written copies of its firm's cost or credit proposal for changes in work. Disputed work shall be performed as ordered in writing by the Contractor and the proper cost or credit breakdown therefore shall be submitted without delay by Subcontractor to Contractor. Subcontractor shall give notice of claim relating to any work for which extra compensation is asserted within thirty (30) days after such work is performed or Subcontractor shall be deemed to have voided and abandoned any claim therefore. If Subcontractor initiates a substitution, deviation or change in the work which affects the scope of the work or the expense of other trades, Subcontractor shall be liable for the expense thereof. No change, alteration or modification in or deviation from this Agreement or the plans or specifications, whether made in the manner herein provided or not, shall release or exonerate, in whole or in part, any surety on any bond given in connection with this Agreement and neither Owner nor Contractor shall be under any obligation to notify the surety or sureties of any such change.

F. DAMAGES CAUSED BY DELAYS -Should Subcontractor default in the proper performance of its work, thereby causing delay to the prime contract work, it shall be liable for any or all loss and damages, including liquidated damages, sustained by the Contractor as a result thereof. Subcontractor shall not be liable under this paragraph if such default be caused by strikes, lockouts, acts of God, or other reasons beyond the control of Subcontractor, concerning which, however, notice of occurrence of same shall be given in writing immediately by Subcontractor to Contractor.

G. LIENS -Subcontractor shall at all times indemnify and save Contractor and Owner harmless against all liability for claims and liens for labor performed or materials used by Subcontractor on the job including any costs and expenses for attorney's fees and all incidental or consequential damages resulting to Contractor or Owner from such claims or liens. Further, in case suit on such claim is brought, Subcontractor shall defend said suit at its own cost and expense, and will pay and satisfy any such lien or judgment as may be established by the decision of the court in said suit. Subcontractor agrees within ten (10) days after written demand to cause the effect of any suit or lien to be removed from the premises and in the event Subcontractor shall fail so to do, Contractor is authorized to use whatever means in its discretion it may deem appropriate to cause said lien or suit to be removed or dismissed and the cost thereof, together with reasonable attorneys' fees, shall be immediately due and payable to Contractor by Subcontractor.

H. DEFAULT REMEDIES -In the event that Subcontractor at any time refuses or neglects to supply a sufficient number of properly skilled workmen or a sufficient quantity of materials of proper quality, become insolvent, admits in writing its inability to pay its debts as they fall due, files a petition in bankruptcy or for reorganization or arrangement under any chapter or provision of the Federal or any state bankruptcy or similar law, acquiesces in, by admitting the allegations of any petition filed against it in bankruptcy or seeking a reorganization or arrangement under any Federal or State Bankruptcy or similar law, or fails to secure the dismissal of any such petition within sixty (60) days after the filing thereof, or commits any act of bankruptcy or makes an assignment for the benefit of creditors without Contractor's prior written consent, or fails to make prompt payment to its material suppliers and laborers or fails in any respect to properly and diligently prosecute the work covered by this Agreement, or becomes delinquent with respect to contributions or payments required to be made in any Health and Welfare, Pension, Vacation, Apprenticeship or other employee benefit program or trust, or fails to fulfill any of the provisions of Paragraph J of these Subcontract Terms and Conditions by it to be performed, or otherwise fails to perform fully any and all of the agreement herein contained, Contractor may at its option, after giving forty-eight (48) hours written notice to Subcontractor, provide any such labor and materials as may be necessary and deduct the cost thereof from any money then due or thereafter to become due to the Subcontractor under this Agreement, or Contractor may at its

ACKNOWLEDGED BY:  Subcontractor: _____ and Contractor: _____          5 of 8

**KUDSK CONSTRUCTION, .NC**          **SUBCO... TRACT # RSIX-05**
**928 CARLETON ST**
**BERKELEY, CA 94710**
**510 540 8127    510 540 8154 FAX**

option terminate Subcontractor's right to proceed with the work and, in that event, Contractor shall have the right to enter upon premises of the project and take possession for the purpose of completing the work included under this Agreement, of all materials, tools and appliances of Subcontractor, and may employ any other person or persons to finish the work and provide the materials therefore. In case of such termination of Subcontractor's right to proceed with the work said Subcontractor shall not be entitled to receive any further payment under this Agreement until the work undertaken by Contractor in its prime contract is completely finished. At that time, if the unpaid balance of the amount to be paid under this Agreement exceeds the expenses incurred by Contractor in finishing Subcontractor's work, such excess shall be paid by Contractor to Subcontractor. But, if such expenses shall exceed such unpaid balance, then Subcontractor shall promptly pay to Contractor the amount by which such expense exceeds such unpaid balance. The expense referred to in the last sentence shall include expenses incurred by Contractor for furnishing materials for finishing the work, for attorneys fees, and any damage sustained by Contractor by reason of Subcontractor's default, plus a markup of 15% General Overhead and 10% Profit on any and all of such expenses; and Contractor shall have lien upon all materials, tools, and appliances taken possession of as aforesaid to secure the payment thereof, The notice referred to in this paragraph will be sufficient and complete when mailed to Subcontractor at its address shown in this Agreement. Contractor may withhold, or on account of subsequently discovered evidence recover the whole or a part of any payment under Section J, to such event as may be necessary as determined in the exercise of Contractor's unfettered discretion to protect Contractor from loss, including costs and attorney's fees, on account of (1) defective work not remedied: (2) claims filed or reasonable evidence indicating probable filing of claim; (3) failure of Subcontractor to make payments properly to its subcontractors or for material, labor or for fringe benefits; (4) a reasonable doubt that this Agreement can be completed for the balance then unpaid; (5) damage to another subcontractor. When the above grounds are removed, and Subcontractor is not otherwise in default hereunder, such amounts as are then due and owing shall be paid or credited to Subcontractor.

I.   TERMINATION OF AGREEMENT -In the event the prime contract is terminated prior to its completion, Subcontractor shall be entitled only to payment for the work actually completed by it at the pro rata of the price herein set forth unless Contractor itself receives additional compensation or damages on account of such tem1ination, in which event Subcontractor shall be entitled to such portion of the additional compensation or damages actually received as is equitable under all circumstances. Nothing herein contained shall require Contractor to make any claim against Owner for such additional compensation or damages in the event of termination before completion, and it is specifically agreed that the failure of Contractor to prosecute any such claim against Owner shall not entitle Subcontractor to any claim for additional compensation or damages against Contractor. In the event this agreement is terminated for cause, Subcontractor shall not be entitled to receive any further payment until the work undertaken by Contractor in its prime contract is completely finished. At this time, if the amounts earned but not paid Subcontractor before said termination exceed the expenses incurred by Contractor in finishing Subcontractor's work, any excess shall be paid by Contractor to Subcontractor, but, if such expense shall exceed the said amount earned and unpaid, Subcontractor shall promptly pay to Contractor the amount by which the expense exceeds said sum. The expense incurred by Contractor as just referred to shall include Contractor's expense for furnishing materials, for finishing the work, for attorney's fees, and any and all damages incurred by Contractor by reason of Subcontractor's default. Contractor may terminate the Agreement in the event that Subcontractor, or any of its subcontractors, is listed by the Administrative Office of the various Employees Fringe Benefit Trust, including but not limited to Health and Welfare, Pension, Vacation or Apprenticeship Trust, as being delinquent in payment to any such trust, regardless of the progress of the project in connection with which the delinquency or delinquencies occurred. With respect to any and all payments to be made by Contractor to said Subcontractor under this Agreement, Contractor at its option may issue joint checks payable to Subcontractor and any of the Employee Fringe Benefit Trusts referred to herein to the extent necessary to assure that payments required from Subcontractor or any of its subcontractors with respect to work performed under his Agreement are paid.

J.   CLAIMS OF SUBCONTRACTOR -If Owner, without cause, shall terminate the General Contract or stop or suspend work under the General Contract, or if Owner shall fail to pay when due any sum payable under the General Contract, Contractor may order Subcontractor to stop or suspend work hereunder and Contractor shall be liable to Subcontractor for any such stoppage or suspension only if, and to the extent that Owner shall be liable to Contractor thereof. If Subcontractor shall claim that it is entitled to additional compensation or damages or to an extension of time by reason of any act or omission of the Owner, or for which Owner is responsible, or by reason of any delay due to any act or omission of the Owner or for which Owner is responsible, or by reason of any delay due to any act or omission, without cause of Owner, Subcontractor shall give timely notice and shall promptly submit such claim in writing to Contractor and Contractor shall on behalf of Subcontractor submit the claim to Owner, or Contractor may, at its option, authorize Subcontractor to prosecute such claim in Contractor's name. Subcontractor shall cooperate fully with Contractor in such submission and all steps taken therewith, shall prepare all supporting data and do all things necessary to present such claim properly, and shall reimburse Contractor for all expenses incurred by it in connection therewith, the amount of which to be determined by Contractor. Subcontractor shall comply with and be bound by, any provision and claims procedure, including arbitration contained in the General

ACKNOWLEDGED BY:   Subcontractor: _____ and Contractor: _____      6 of 8

**KUDSK CONSTRUCTION, ...NC**
**928 CARLETON ST**
**BERKELEY, CA 94710**
**510 540 8127     510 540 8154 FAX**

**SUBC...TRACT # RSIX-05**

Contract where required by Owner. If, and only to the extent that Owner shall pay additional compensation, or damages, or allow additional time to Contractor on account of said claim, then Contractor shall award the same to Subcontractor. If any claim of Subcontractor is presented to Owner, together with claims of Contractor and others, Contractor shall segregate its claim from those of Subcontractor and any share of award by Owner shall be binding and inclusive on Subcontractor.

K.   JURISDICTIONAL DISPUTES -In the event any union or unions representing employees of Subcontractor engage in or become involved in a jurisdictional dispute concerning the assignment or performance of any of the work covered by this Agreement, Subcontractor promises and agrees that it shall do all things necessary or convenient to secure a resolution of said jurisdictional dispute. Subcontractor further agrees to appear and submit such evidence and information as may be requested by such agency, board or tribunal in order to determine and decide such dispute. Subcontractor agrees that any decision, award or ruling rendered by such agency, board or tribunal shall be legally binding on Subcontractor, notwithstanding the failure of Subcontractor to appear or submit evidence as requested, provided reasonable notice is given to Subcontractor. Subcontractor further agrees to be bound by, comply with and carry out the terms of any decision, determination or award rendered by any such agency, board or tribunal. Subcontractor further promises and agrees that it will bind and require all of its subcontractors and their subcontractors to all foregoing promises and undertakings to the same effect as herein provided with respect to Subcontractor. In the absence of any agency, board, or tribunal established by any written plan for the resolution of jurisdictional disputes, Subcontractor agrees, at its own cost and expense upon request of Contractor, to take any and all lawful steps to secure a binding and final determination of said jurisdictional dispute by the National Labor Relations Board. Subcontractor is aware and acknowledges that the Contractor is a party to labor agreements with the Sprinkler Fitters Union of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada. Such labor agreement recites and sets forth the jurisdiction and scope of work claimed by each of such basic crafts, and further provides and declares that all provisions of said labor agreements with said basic crafts shall be applicable to any work performed by any Subcontractor of said Contractor, and all subcontractors of said Subcontractor. Subcontractor agrees to comply with and obey all of the terms and conditions of each such labor agreement insofar as Subcontractor may lawfully do so, and, in particular, to comply with the terms and provisions of said agreements, setting forth the jurisdiction and scope of work claimed by each of such basic crafts insofar as Subcontractor may lawfully do so. Subcontractor agrees to defend, indemnify, save and hold harmless the Contractor from any and all liability, claims and demands by any union party to a labor agreement with Contractor based on the fact that certain work is not being performed or has not been performed as specified and provided in the agreement between Contractor and said basic craft.

L.   LAYOUT RESPONSIBILITY -Contractor shall establish principal axis lines and levels whereupon Subcontractor shall be strictly responsible for the accuracy of its work and for any loss or damage to other contractors engaged in work on the site by reason of failure of Subcontractor to set out or perform its work correctly. Subcontractor shall exercise prudence so that actual final conditions and details shall result in the perfect alignment of finish surfaces.

M.   PROTECTION OF WORK -Subcontractor shall secure and protect the work done hereunder and assume responsibility for the condition thereof until final acceptance by Architect, Owner and Contractor. Subcontractor further agrees to provide such protection as is necessary to protect the work and the workmen of the Contract and other subcontractors from Subcontractor's operations.  Subcontractor shall be liable for any loss or damage to any work in place or to any equipment and materials on the jobsite caused by it or its agent, employees or guests.

N.   USE OF CONTRACTOR'S EQUIPMENT -In the event Subcontractor shall use Contractor's equipment or facility, Subcontractor assumes all responsibility for and shall hold Contractor harmless from any claims, actions, demands, liabilities, or expenses, including attorney's fees, resulting from the use of such equipment or facilities by Subcontractor or its agent and employees.

O.   CLEAN-UP - During the course of construction, and upon completion of work under this subcontract, Subcontractor shall remove waste materials from work area to a debris box provided on site by the Contractor as is necessary to maintain the premises in a clean orderly condition.

P.   GUARANTEE - Subcontractor guarantees all materials and workmanship and agrees to replace at its sole cost and expense, and to the satisfaction of Contractor, any and all materials adjudged defective or improperly installed as well as guarantee the Owner and Contractor against liability, loss or damage arising from said installation during a period of one (1) year from completion and acceptance of the work covered by the prime contract If however, the period of guarantee is stipulated in excess of one (1) year in of the Contract Documents, Subcontractor shall be bound during the longer period stipulated.

Q.   ASSIGNMENT OF CONTRACT - Subcontractor shall not without written consent of Contractor, assign, transfer, nor sublet any portion or part of the work required by this Agreement nor assign any payments hereunder to others. Contractor may assign or transfer the whole or part of this Agreement, and its rights hereunder to any corporation, individual or partnership.

R.   INDEPENDENT CONTRACTOR - Subcontractor is an independent contractor and shall, at its sole cost and expense and without increase in the contract price, comply with all laws, rules, ordinances, and regulations of all governing bodies having jurisdiction over the work, obtain all necessary permits and licenses and shall pay all

ACKNOWLEDGED BY:   Subcontractor:_____ and Contractor:_____          7 of 8

**JWC000013**

**KUDSK CONSTRUCTION, ...C**
**928 CARLETON ST**
**BERKELEY, CA 94710**
**510 540 8127     510 540 8154 FAX**

**SUBC.....TRACT # RSIX-05**

federal and state taxes, insurance and contributions for Social Security and Unemployment which are measured by wages, salaries, or other remuneration paid to Subcontractors employees whether levied under existing or subsequently enacted laws, rules or regulations. Subcontractor, upon request, shall furnish evidence satisfactory to Contractor that any of the foregoing obligations have been fulfilled. Subcontractor agrees to comply with all statutory or contractual safety requirements applying to its work, including those requirements which may be initiated by Contractor and shall report within forty-eight (48) hours to Contractor any injury to Subcontractors employees occurring at the jobsite. In the event that Subcontractor violates safety requirements which by direction of any governmental agency, results in a suspension of work on the project, in whole or in part, Subcontractor shall be liable for all damages or expense resulting from such suspension.

S.  ARBITRATION -In the event the prime contract contains a provision for arbitration of disputes arising between Contractor and Owner. The following clauses shall be in effect as a part of this Agreement, but not otherwise: If at any time any controversy shall arise between Contractor and Subcontractor regarding anything pertaining to this Agreement and which parties hereto do not promptly adjust and determine, or which Owners representative or Architect cannot decide to the satisfaction of both parties, then the written orders of the Contractor to Subcontractor shall be followed. The controversy shall be submitted to and determined by arbitration named under the Construction Industry Arbitration Rules of the American Arbitration Association then in effect and the parties hereto agree to be bound by the Award in such Arbitration. In addition, Subcontractor shall be bound to Contractor to the same extent Contractor is bound to Owner, by all terms and provisions of the Prime Contract and be expressly bound by any provision thereunder to arbitrate. Both Contractor and Subcontractor agree that in the event either of them become involved in arbitration proceedings with third parties concerning work to be performed under this Agreement, then both Contractor and Subcontractor agree to participate in said arbitration when requested and to be bound by the same.

ACKNOWLEDGED BY:   Subcontractor: _____ and Contractor: _____          8 of 8